ENRIQUE CLAVELL BORRÁS, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, DOMINGO RAFFUCCI, JUDGE, Respondent.

No. O-70-237.     Decided June 15, 1971.

---

*Enrique Clavell Borrás* per se. *Baker & Woods, Gilberto Mayo Aguayo,* and *Rafael Cuevas Kuinlam* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Gazette Offset Americana, Ltd., brought an action before the Superior Court, San Juan Part, against Litoimpresion, Inc., Enrique Clavell, María Martínez Clavell, and Gerardo Baldrich, for the collection of a promissory note in the amount of $19,804.65 which was guaranteed by a mortgage over real property.

Defendants answered denying some facts and accepting others, and establishing special defenses. Codefendant Enrique Clavell counterclaimed besides.

There were a series of procedural incidents, such as orders for the attachment of properties to secure effectiveness of judgment without bail, taking of depositions, withdrawal from legal representation, entry of default, holding of the hearing, and receipt of evidence about motions of the parties.

On November 24, 1967, defendant Enrique Clavell, alleging in his own right that the attachment levied by plaintiff without bond, occasioned him considerable losses and prejudice, requested the setting of the hearing of the case on its merits for the nearest possible date. On December 20, 1967,

Mr. Basilio Santiago Romero assumed codefendant Clavell's legal representation.

Several other procedural incidents occurred, among them one about the taking of deposition of defendant Clavell set for November 18, 1968. Defendant requested to postpone such taking of deposition for a subsequent date.

In the record there appears a copy of a letter dated December 11, 1968, addressed by Judge Domingo Raffucci to the Administrative Court Director informing him that the case was not ready for trial because the parties were at the stage of discovery of evidence.

On December 17, 1968, the hearing of the case on its merits was set for the first time for April 24, 1969. On said date the trial began plaintiff having introduced oral evidence and besides having offered documentary evidence for its identification. The continuation of the hearing was set for the next Monday. The minutes of April 28, 1969, state that the stipulation for compromise not having prospered, the continuation was again set for September 9, 1969. On said day plaintiff continued introducing Evelyn Berg's testimony and also offered documentary evidence for identification. It was postponed until a new setting. Plaintiff requested by a motion that the continuation be set for January 26, 27, and 28, 1970, but the trial court made the setting for May 4 and 5, 1970.

The attorney for defendants, spouses Clavell and Litoimpresion, Inc., filed a motion withdrawing from the case on April 22, 1970. As a reason therefor he stated that he had been appointed to discharge the position of Assistant Secretary of the Treasury and would take possession of the same on the 1st of May. Consequently he requested that defendants be granted a term of 30 days to retain the services of new counsel.

It does not appear from the record that the trial court took action about said motion. However it is evident that the case was continued.

On May 21, 1970, plaintiff filed a motion in which it is alleged that the court accepted the withdrawal from the case made by attorney Basilio Santiago Romero and that therefor the hearing of the case had to begin again and this would be extremely burdensome to plaintiff. "It being so", the motion says, "we deem it just and equitative that before a new setting is made to begin 'de novo' the above-entitled case, defendants, with the exception of Gerardo Baldrich, should reimburse plaintiff all the expenses which it has incurred until today, warning defendants that if they fail to deposit with the court, to be delivered to plaintiff, the amounts which are mentioned hereinafter, the allegations in the complaint [sic] as in the counterclaim, shall be eliminated and the default of said defendants entered and the counterclaim dismissed."

"10.—That plaintiff has incurred the following expenses:

| | |
|---|---:|
| Hotel, 4 days in April 1969, $16 per day 4 days in September 1969, $16 per day | $128.00 |
| Air transportation, double New York to San Juan and vice versa at the rate of $195 for each round trip | 390.00 |
| Taxis to Kennedy Airport, International Airport in Puerto Rico to hotel, hotel to airport, trips to attorney's office and to court | 64.00 |
| Meals for 8 days at the rate of $15 a day | 120.00 |
| Telephone calls to Puerto Rico and from Puerto Rico to New York | 52.00 |
| Loss of time and income for plaintiff | 500.00 |
| Miscellaneous expenses | 100.00 |
| | $ 1,354.00 |
| Reimbursement of Legal Expenses | 1,000.00 |
| | $ 2,354.00" |

Said motion having been set for hearing and discussed, the trial court entered, on September 11, 1970, the following:

"Order

"The court, having heard plaintiff's statements, grants defendants the term of thirty days to appoint new legal representation and deposit with the court the expenses incurred by plaintiff.

"If it is not done so, the elimination of the allegations and the entry of their default shall be ordered."

On September 21, 1971, attorneys Benny Frankie Cerezo and Rafael Quiñones Manautou appeared assuming the representation of codefendants, Litoimpresion, Inc., and María Martínez Clavell and requested the reconsideration of the order of September 11 which imposed on defendants the obligation to deposit with the court the amount of $2,469 for expenses allegedly incurred by plaintiff during all the prosecution of the action. The reconsideration was denied.

We issued a writ of certiorari to review said order of September 11, 1970.

■■ The drastic penalty imposed on defendants in this case does not find any justification neither in the incidents that occurred during all the prosecution of the case, nor in law. The imposition of a reasonable condition to consent to the postponement of a trial which may bring economic prejudice to the adverse party is not involved. That is to say, it is not a question of obliging defendants to reimburse plaintiff the expenses which an unexpected postponement of the hearing would cause to the latter without any fault on its part. We do not question the authority of the trial court to consent to postponements under those conditions which it considers, and are, fair. It will be remembered that with enough anticipation to the date set for the continuation of the hearing of the case, defendants' attorney filed his motion about withdrawal from the case grounded on the true and legitimate cause of his impossibility to continue the representation because he had accepted a public position. Under such circumstances the imposition of penalties on defendants because of

the postponement of the continuation of the trial is not justified. Neither is the exercise of the authority of the court to impose sanctions under Rules 27.7, 34, 37.2 and any other of the Rules of Civil Procedure in effect involved.

In truth what the order which we are reviewing does is to impose on defendants the payment of the costs of the litigation including attorney's fees. Such action is contrary to law. Costs are granted to the prevailing party. Rule 44.4 (a) of the Rules of Civil Procedure provides:

"Costs shall be allowed to the prevailing party, with the exception of those cases in which by law or by these rules it is otherwise directed."

Attorney's fees are imposed in judgments on the obstinate party. Rule 44.4 (d).

■ Therefore, the imposition of costs on a party, when the litigation has not concluded nor judgment has been entered against it, does not lie. With greater reason it is not proper to impose attorney's fees when no determination has been made as to the obstinacy of the litigants.

■ Plaintiff's principal contention which seems to have been accepted by the trial court, to impose on defendants the payment of costs and attorney's fees as a condition to continue litigating, is that on account of Mr. Basilio Santiago's withdrawal from the case it would be necessary to hold "a trial de novo" that is to say, that the trial should commence from the beginning, introducing the same evidence already presented by plaintiff.

■ Such contention lacks merit entirely. The change of attorneys of one party or the other alters or affects in no manner the proceeding except insofar as the time which the new attorney may need to understand thoroughly the litigious questions and the stage of development of the proceeding, is involved. Not even this circumstance would be a legal or fair

basis to uphold the order appealed from. Said order will be set aside and the case remanded for further proceedings.